IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BANK OF AMERICA, NA,
       Plaintiff,

CASE NO: 3:13-CV-03259-O-BK

v.

JUSTIN SCHWARTZ and
KATHERINE SCHWARTZ,
       Defendants.

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3* (Doc. 10), this cause is before the undersigned for a recommendation on Plaintiff's *Motion to Remand* (Doc. 8). For the reasons that follow, the motion should be **GRANTED**.

Plaintiff filed a petition for forcible detainer against the *pro se* Defendants in Justice of the Peace Court in Tarrant County, Texas.[1] (Doc. 1 at 9). Although the documentation in the record is incomplete, it appears that Defendants lost their case and filed an appeal to County Court at Law No. 1, Tarrant County. *Id.* at 9-12. Trial in county court was scheduled for August 20, 2013, and Defendants removed the action to this district court on August 19, 2013.[2] *Id.* at 1, 6. Defendants contend that subject matter jurisdiction exists based on the diverse citizenship of the parties and the requisite amount in controversy being satisfied. *Id.* at 1-3.

---

[1] While removal of this case should have been to the Fort Worth Division of this Court, in the interest of judicial economy, the Court declines to transfer the case. 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (noting the district court's broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

[2] The notice of removal was only effective as to Defendant Katherine Schwartz because she is the only party who signed it. *See* FED. R. CIV. P. 11(a) (requiring *pro se* parties to personally sign their own pleadings).

Plaintiff now has filed the instant *Motion to Remand* the case to state court, arguing that because Defendants are citizens of Texas, the state in which this action was brought, they cannot remove the case to federal court on diversity grounds. (Doc. 8-1 at 1, 3). Defendants object, reiterating the arguments in support of diversity jurisdiction.[3] (Doc. 9 at 2-6). They also suggest that the Court may have federal question jurisdiction over this action because Plaintiff's petition alleged a claim under 15 U.S.C. § 1681, *et seq*. *Id.* at 2.

Diversity jurisdiction is unsupported in this case. A suit originally filed in state court is removable to federal court on the basis of diversity jurisdiction as long as no defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). This is commonly known as the "forum-defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009). In this case, Defendants' removal notice concedes that they are Texas citizens. (Doc. 1 at 2). Because they removed this case to a district court sitting in Texas, removal was improper under section 1441(b). Federal question jurisdiction is also unsupported. While Plaintiff's petition is not a part of the record, the parties' description of this case reveals that it is a run-of-the-mill forcible detainer action. Moreover, the sections of federal law that Defendants claim Plaintiff relied on constitute the Fair Credit Reporting Act, which does not have any evident applicability to Plaintiff's forcible detainer action against Defendants.

---

[3] Again, only Katherine Schwartz signed this pleading in violation of Rule 11(a).

For the reasons set forth above, Plaintiff's *Motion to Remand* (Doc. 8) should be **GRANTED**, and this case should be remanded to County Court at Law No. 1, Tarrant County under Case No. 2013-004019-1.

**SO RECOMMENDED** on January 10, 2014.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3