IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-cv-3259-O |
| § | |
| JUSTIN SCHWARTZ et al., § | |
| § | |
| Defendants. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Defendant filed objections. The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Accordingly, Defendants objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court.

Defendants Justin Schwartz and Katherine Schwartz (collectively "Defendants") appealed an eviction proceeding in state court and attempted to remove the action to this Court.[1] FCR 1-2, ECF No. 1; *see also* Notice of Removal 9, ECF No. 1. Plaintiff sought to remand the case to state court because Defendants are citizens of Texas, the forum state for this action. *See* Def.'s Mot.

---

[1] The Court notes that only Katherine Schwartz signed the notice of removal. *See* Fed. R. Civ. P. 11(a) (requiring *pro se* parties to personally sign their own pleadings).

Remand 2, ECF No. 8.  The Magistrate Judge recommended that the case be remanded to state court. *See generally* FCR, ECF No. 11.  Defendants objected to the Magistrate Judge's Findings, Conclusions and Recommendation, and therefore, the Court reviews Petitioner's claims *de novo*. *See Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. Unit B 1982), *rev'd on other grounds*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Defendants asserts that the Magistrate Judge erred in determining that this Court does not have subject matter jurisdiction because the amount in controversy exceeds $75,000 and all parties are citizens of different states.  *See* Defs.' Objection 1, ECF No. 12.  Generally, Section 1441 allows a party to remove civil actions brought in a state court "of which the district courts of the United States have original jurisdiction" to federal court.  *See* 28 U.S.C. § 1441(a).  The forum-defendant rule, however, provides that removal based solely on diversity jurisdiction is not permitted if any one of the defendants is a citizen of the State in which such action is brought.  *See* 28 U.S.C. § 1441(b)(2); *In re 1994 Exxon Chem. Fire,* 558 F. 3d 378, 391 (5th Cir. 2009).

Here, Defendants are citizens of Texas and removed this case to a federal court sitting in Texas.  *See* Notice of Removal 2, ECF No. 1.  Accordingly, removal was improper under Section 1441(b).  *See H&H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F. Supp. 2d 770, 773 (W.D. Tex. 2009).  Furthermore, the Court finds that federal question jurisdiction is also unsupported. *See In re Exxon*, 558 F.3d at 395 ("[W]here there is improper removal, the pertinent question is whether the removed action could have been originally filed in federal court."); *H&H Terminals, LLP*, 634 F. Supp. 2d at 773-74 ("[T]he forum defendant rule can be waived if a party does not object to removal within the requisite thirty . . . days.").  Defendants cite the Fair Credit Reporting Act as a basis for federal question jurisdiction, but that statute is not applicable to the instant eviction

2

proceeding. *See* Defs.' Objection 1-2, ECF No. 12 (citing 15 U.S.C. §§ 1681, *et seq.*).

Based on the foregoing, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge should be and are hereby **ACCEPTED** as the findings and conclusions of this Court.

**SO ORDERED** on this **4th day** of **February, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**